J-S25003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA EX REL. THEODORE W. SCHELL, SR., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| CYNTHIA R. LINK, SUPERINTENDENT SCI GRATERFORD, | |
| Appellee | No. 3383 EDA 2016 |

Appeal from the Order Entered October 21, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 2016-008073

BEFORE:  BENDER, P.J.E., RANSOM, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:               **FILED JUNE 20, 2017**

Theodore W. Schell, Sr., appeals from the trial court's October 21, 2016 order denying his petition for writ of *habeas corpus ad subjiciendum*, which was filed in the civil division of the Court of Common Pleas of Delaware County.  After careful review, we vacate the trial court's order and remand for further proceedings.

Briefly, in 1976, Schell was convicted by a jury of two counts of first-degree murder, and other related offenses, based on evidence that he shot and killed his mother-in-law and father-in-law.[1]  According to this Court's

---

[1] We note that we do not have the certified record of Schell's criminal case, which underlies the claims he raised in his petition for writ of *habeas corpus*. Our understanding of his convictions and sentence was gleaned from this Court's decision disposing of his direct appeal.  ***See Commonwealth v.***
*(Footnote Continued Next Page)*

decision affirming Schell's judgment of sentence, the trial court sentenced Schell on September 14, 1977, to "two concurrent terms of life imprisonment for [Schell's] first[-]degree murder convictions" and "sentences for all other convictions were suspended." *Schell*, No. 1830 Philadelphia 1983, unpublished memorandum at 2.

On September 19, 2016, Schell commenced the instant litigation by filing a writ of *habeas corpus* in the civil division of the Court of Common Pleas of Delaware County. In that petition, Schell essentially claimed that, while he had been sentenced to two terms of life imprisonment, the written "Order of Sentence" filed by the trial court (which Schell attached to his petition) defined a 'life' term as 7½ to 15 years, and the court imposed those terms to run consecutively, resulting in an aggregate sentence of 15 to 30 years' incarceration. Schell further asserted that he has completed his maximum sentence, yet he is still being illegally detained. *See* Petition for Writ of *Habeas Corpus*, 9/19/16, at 4.

In dismissing Schell's petition for writ of *habeas corpus*, the trial court reasoned that Schell "raise[d] claims regarding the legality of sentence…, which clearly fall under the PCRA." TCO at 2 (citing, *inter alia*, ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004) ("Issues

(Footnote Continued) ————————————

*Schell*, No. 1830 Philadelphia 1983, unpublished memorandum at 2 (Pa. Super. filed August 30, 1985).

concerning the legality of sentence are cognizable under the PCRA.") (citation omitted)). The court further stressed:

> In Pennsylvania, it is well[-]settled that the PCRA is intended to be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose, including *habeas corpus*. ***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citations omitted). Issus that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. ***Id.***

*Id.* at 1. Consequently, the trial court held that Schell's "petition should have been filed pursuant to the PCRA in the criminal division of the Delaware County Court of Common Pleas under his criminal docket numbers." *Id.* at 2.

Upon carefully reviewing Schell's petition for writ of *habeas corpus*, we disagree with the trial court that his claims are cognizable under the PCRA. It is apparent that the core of his argument is ***not*** a challenge to the legality of his underlying sentence; rather, Schell is arguing that his ***detention*** is illegal because he finished serving the maximum sentence, as defined by the court's September 14, 1977 sentencing order. Such a claim is not cognizable under the PCRA, and we ascertain "no other remedy" that would be "available for the condition [Schell] alleges[,]" other than a filing a writ of *habeas corpus* petition. ***Com. ex rel. Fortune v. Dragovich***, 792 A.2d 1257, 1258 (Pa. Super. 2002) (discussing when a writ of *habeas corpus* may be used). ***Compare Joseph v. Glunt***, 96 A.3d 365, 368 (Pa. Super. 2014) (concluding that appellant properly filed a writ of *habeas corpus*, rather than

a PCRA petition, where he argued that he was being illegally detained because the Department of Corrections did not possess a valid sentencing order).

Accordingly, we conclude that the trial court erred by dismissing Schell's petition on the basis that he was required to raise his claims in a PCRA petition. That being said, we agree with the court that Schell incorrectly filed his petition for writ of *habeas corpus* in the civil division of the Court of Common Pleas of Delaware County. Our Supreme Court has stated that "matters sounding in *habeas corpus* lie in the jurisdiction and venue of the court of record from which the order of detention came." **Brown v. DOC**, 81 A.3d 814, 815 (Pa. 2013) (*per curiam*) (citing **Commonwealth ex. rel. Bryant v. Hendrick**, 280 A.2d 110, 112 (Pa. 1971); **Warren v. DOC**, 616 A.2d 140, 143 (Pa. Cmwlth. 1992); 42 Pa.C.S. § 6502). Here, the sentencing order underlying Schell's detention was issued by a trial court in the criminal division of the court of common pleas. Therefore, we vacate the trial court's order dismissing Schell's petition for writ of *habeas corpus*, and remand for the court to transfer Schell's petition to the criminal division of the Court of Common Pleas of Delaware County, utilizing the applicable docket numbers assigned to Schell's underlying convictions.

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/20/2017</u>